UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO'VAUGHN TIMMS,<br><br>   Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO POLICE DEPARTMENT; et al.,<br><br>   Defendants. | No. C 08-1414 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Jo'Vaughn Timms, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Timms alleges that he was falsely arrested and falsely imprisoned. He alleges that he missed a court date because he was sick, his attorney rescheduled a new court date for him, he was stopped by police before the new court date arrived, the police ran a warrant check and then arrested him. He further alleges that he was sentenced to ten months. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28

1 U.S.C. §1915A(b)(1),(2).

2   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

   There are three problems with the complaint that necessitate the filing of an amended complaint. First, Timms has not stated a claim upon which relief may be granted for false arrest or false imprisonment. A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the arrest is alleged to have been without probable cause or other justification. See generally Pierson v. Ray, 386 U.S. 547, 555-558 (1967); Blankenhorn v. City of Orange, 485 F.3d 463, 470-71 (9th Cir. 2007); Graves v. City of Coeur D'Alene, 339 F.3d 828, 840-41 (9th Cir. 2003). A claim for wrongful detention (false imprisonment) absent a wrongful arrest will not ordinarily state an independent claim under § 1983. See Baker v. McCollan, 443 U.S. 137, 142-145 (1979). But cf. Lee v. City of Los Angeles, 250 F.3d 668, 683-85 (9th Cir. 2001) (stating that under Baker after lapse of certain amount of time continued detention when it was or should have been known that detainee was entitled to release amounts to due process violation). Where an initial arrest is invalid, however, a claim for unlawful detention may be cognizable. See, e.g., id. at 684-85. In his amended complaint, Timms should allege facts supporting his conclusory allegation that his arrest and detention were false or wrongful.

   Second, the allegations of the complaint suggest that the Heck rule applies to this case, but Timms has not provided sufficient information for the court to make that determination. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-

United States District Court
For the Northern District of California

87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Such a damages claim will not be barred under Heck if the plaintiff has not yet been convicted, however. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (Heck does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside.") Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id. Timms' complaint alleges that he received a ten-month sentence, but does not identify the crime of which he was convicted or the reason for his arrest. The absence of information about the reason for his arrest and the crime of which he was convicted prevent this court from determining whether the complaint states a claim for relief, whether it is barred by Heck, and/or whether it must be stayed under Wallace. In his amended complaint, Timms must identify the reason he was arrested and identify the crime of which he was convicted that resulted in the ten-month sentence.

Third, the complaint does not state a claim against the named defendants, the City and County of San Francisco and the police chief. Usually, a § 1983 plaintiff names as a defendant the individual state actor who allegedly wronged him. Here, Timms may wish to amend to add as defendants the individual officers who arrested him. To do so, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to the defendants Timms did name – the municipality and the police chief – he needs to expand his allegations if he wants to state a claim against either. The municipality can be a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), but a municipality may not be held vicariously liable for the unconstitutional acts of its

1  employees under the theory of respondeat superior, see id. at 691.  To impose municipal
2  liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that
3  the plaintiff possessed a constitutional right of which he was deprived; (2) that the
4  municipality had a policy; (3) that the policy amounted to deliberate indifference to the
5  plaintiff's constitutional right; and (4) that the policy was the moving force behind the
6  constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432,
7  438 (9th Cir. 1997) (citation omitted).  A supervisor may be liable under § 1983 upon a
8  showing of personal involvement in the constitutional deprivation or a sufficient causal
9  connection between the supervisor's wrongful conduct and the constitutional violation.
10 Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation
11 omitted), cert. denied, 502 U.S. 1074 (1992).  A supervisor therefore generally "is only liable
12 for constitutional violations of his subordinates if the supervisor participated in or directed
13 the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List,
14 880 F.2d 1040, 1045 (9th Cir. 1989).   Plaintiff must make the necessary allegations in his
15 amended complaint if he wishes to keep the municipality and the police chief as defendants.

## CONCLUSION

The complaint is DISMISSED with leave to amend.  The amended complaint must be filed no later than **September 5, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

DATED: August 1, 2008

Marilyn Hall Patel
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOVAUGHN TIMMS,

        Plaintiff,

  v.

SF POLICE DEPT. et al,

        Defendant.
   _____/

Case Number: CV08-01414 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jo'Vaughn Timms 2338414
San Bruno County Jail
CJ5
P.O. Box 67
San Bruno, CA 94066

Dated: August 1, 2008

                                       Richard W. Wieking, Clerk
                                       By: Anthony Bowser, Deputy Clerk